UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. _____

**DARIN & ANNA WHITAKER, AS**
**ADMINISTRATORS OF THE ESTATE**
**OF DYLAN WHITAKER**
P.O. Box 348
White Plains, KY 42464                                                          **PLAINTIFFS**

v.

**KENTUCKY STATE POLICE**

SERVE:  Hon. Andy Beshear
            Kentucky Attorney General
            700 Capitol Ave., Suite 118
            Frankfort, KY 40601

**and**

**CURTIS CRICK, INDIVIDUALLY & IN HIS**
**OFFICIAL CAPACITY AS A KSP TROOPER**
P.O. Box 1025
Nortonville, KY 42442

**and**

**JONATHAN MCGEHEE, INDIVIDUALLY & IN HIS**
**OFFICIAL CAPACITY AS A KSP TROOPER**
P.O. Box 1025
Nortonville, KY 42442                                                          **DEFENDANTS**

---

**COMPLAINT WITH JURY DEMAND**

---

1

## Jurisdiction and Venue

1. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. 1331, 1343 (3) and (4). Jurisdiction over the state law claims in conferred upon this Court by 28 U.S.C. 1367. Venue is proper in this Division.

## Parties

2. Plaintiffs, Darin and Anna Whitaker, are the natural parents of Dylan Whitaker, deceased, and duly appointed Administrators of the estate of Dylan Whitaker. Darin and Anna Whitaker reside in the County of Hopkins, City of White Plains, Commonwealth of Kentucky.

3. Defendant Kentucky State Police operates throughout the Commonwealth of Kentucky and its headquarters in the County of Franklin, City of Frankfort, Commonwealth of Kentucky.

4. Defendant Curtis Crick was at all times relevant to this action an employee of the Commonwealth of Kentucky and assigned as a Kentucky State Police trooper. Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

5. Defendant Jonathan McGehee was at all times relevant to this action an employee of the Commonwealth of Kentucky and assigned as a Kentucky State Police trooper. Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

## Facts

6. On or about March 19, 2016 Trooper Jonathan McGehee observed Dylan Whitaker operating his ATV on the roadway in White Plains, Hopkins County, Kentucky. Upon making contact with Dylan, Trooper Jonathan McGehee began to grab Dylan and continually beat him over the head with flashlight. Dylan was able to get away from Trooper McGehee and flee on his ATV.

7. Sometime later in the day, Trooper Curtis Crick spotted Dylan standing next to his ATV back on some abandoned coal roads. A chase ensued and Trooper Curtis Crick collided with Dylan on his ATV knocking him to the ground. Trooper Curtis Crick proceeded to shoot at Dylan 16 times causing Dylan's death.

## Damages

8. As a direct and proximate result of the conduct of the Defendants, Dylan Whitaker suffered physical injury, pain, emotional, and psychological trauma, and eventually died as a result of the use of force described above.

## First Claim for Relief- 42 U.S.C. 1983

9. Defendants have, under color of law, deprived Dylan Whitaker of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free of unreasonable seizures without probable cause and to be free of excessive force.

## Second Cause of Action- Wrongful Death and Survival Action

10. Defendants' actions caused the wrongful death of Dylan Whitaker resulting in damages recoverable under K.R.S. 411.130 and K.R.S. 411.133.

3

11. Plaintiffs' damages include deceased's physical and mental injuries, as well as the medical, burial, and other final expenses incurred as a result of Defendants' actions.

## Third Cause of Action- Assault and Battery

12. Defendants intentionally, maliciously, and in bad faith applied and threatened to apply unlawful and unnecessary force against Dylan Whitaker. Defendant Curtis Crick and Defendant Jonathan McGehee are liable on this claim in their official capacities under K.R.S. 70.040.

## Fourth Cause of Action- Vicarious Liability

13. Defendant Kentucky State Police is vicariously liable for the tortious acts and omissions of Defendants Curtis Crick and Jonathan McGehee pursuant to K.R.S. 70.040.

## Fifth Cause of Action-Negligent Hiring and Retention

14. Defendant Kentucky State Police improperly hired, retained, trained, and failed to adequately supervise Defendant Curtis Crick and Defendant Jonathan McGehee.

## Jury Demand

15. Plaintiffs' hereby demand a trial by jury of all issues triable by a jury.

## Prayer for Relief

**WHEREFORE,** Plaintiffs demands that this Court award them:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney's fees;

D. Prejudgment interest; and

E. Such other and further relief as the Court may deem just and proper.

4

Respectfully Submitted,

___/s/ Robert L. Poole_____
Robert L. Poole (KBA 86183)
2656 Crescent Springs Pike
Covington, KY 41017
(859) 261-3400
(859) 261-3928 Fax
robert@robertpoolelaw.com